

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:04-CR-163(1)** |
| | § | |
| | § | |
| **JUAN MAURICIO-PARGA** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Juan Mauricio-Parga, violated conditions of supervised release imposed by Chief United States District Judge Thad Heartfield of the Eastern District of Texas. The Government filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release. The Court conducted a hearing on April 23, 2008, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that

such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 22, 3005, The Honorable Thad Heartfield, Chief United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of illegal reentry into the United States, a Class E felony. Judge Heartfield sentenced Mr. Mauricio-Parga to five months imprisonment and one year supervised release, subject to the standard conditions of release, plus special conditions to include defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance; and alcohol aftercare.

As an additional condition of supervised release, the Court ordered that immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the

Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. If ordered deported, defendant shall remain outside of the United States. In the event the defendant is not reported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country; and a $100 special assessment.

On April 8, 2005, Juan Mauricio-Parga completed his period of imprisonment and his supervision commenced.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, defendant shall remain outside of the United States. In the event the defendant is not reported, the defendant shall comply with all conditions of supervised release.*

Specifically, on April 8, 2005, Mr. Mauricio-Parga completed his 5 month term of imprisonment for his original offense, and was released to an Immigration Naturalization Services detainer On or about April 14, 2005, he was deported from the United States. It has been made apparent by his arrests noted above [in petition] that Mr. Mauricio-Parga returned illegally to the United States.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would submit evidence showing that on or about April 14, 2005, Defendant was in fact deported from the United States. The Government would further show that Mr. Mauricio-Parga was later found in the United States when he was arrested on October 2, 2005, in Tuscaloosa, Alabama, for public intoxication, and on February 23, 2008, in Bossier City, Louisiana, for being intoxicated. The Government would finally prove that the Defendant did not receive permission from the United States Attorney General before reentering the United States.

Defendant, Juan Mauricio-Parga, offered a plea of true to the allegations and agreed with the evidence presented by the Government. Specifically, Mr. Mauricio-Parga pled true to the allegation that he illegally reentered the United States after being deported in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release by illegally re-entering the United States after being deported. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release, extend the term of supervised release, and/or modify the conditions of supervision. *See* U.S.S.G. § 7B1.3(a)(2).; 18 U.S.C. § 3583(g).

Based upon Mr. Maurico-Parga's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3)

to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class E felony, the statutory maximum imprisonment term upon revocation is one year. *See* 18 U.S.C. § 3583(e)(3).

According to Fifth Circuit precedent, Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is, and has always been, only advisory. *See United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005); *United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Therefore, the Court will take into account the facts of this case, the nature of the offense, and Defendant's history and characteristics in determining the appropriate sentence for Mr. Mauricio-Parga's supervision violation and the resulting revocation. The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and Defendant's own admission supports a finding that he re-entered the United States after being deported in violation of the court-imposed conditions of his supervised release. The Defendant voluntarily pled true and accepted responsibility for his conduct. He allocuted to the Court, explaining that his entire family resides in the Liberty, Texas, area, here in the Eastern District of Texas, including his four small children. Through counsel, Mr. Mauricio-Parga further stated that he reentered the United States illegally because his daughter had suffered from a broken arm and he wanted to help with her care. His family also had tried to retain an immigration attorney to work toward achieving citizenship for Mr. Mauricio-Parga, but had not been successful. The Defendant finally acknowledged that he cannot return to the United States after deportation unless he does so legally and stated that he already had arrangements to work in Mexico after he serves his term of imprisonment on this revocation. He also admitted to his problems with alcohol consumption and his arrests for that behavior. Based on this explanation, Mr. Mauricio-Parga requested that the Court impose an imprisonment sentence within the middle of the range suggested by the Guidelines.

In opposition, the Government requested that the Court impose the maximum sentence allowed by statute. The Government argued that this maximum imprisonment term is necessary as punishment for Mr. Mauricio-Parga's disregard for the law and the Court's orders when he returned to the country illegally.

In sum, after considering the circumstances of the case and the arguments and evidence presented, the Court concludes that a sentence within the middle end of the Guideline range is appropriate here. Mr. Maurico-Parga admitted to his illegal activity and offered explanation to the Court for his violation. The Court does not find that a maximum prison term is necessary in this

case in light of Defendant's statements to the Court.

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **six (6) months imprisonment** in this cause, with no further term of supervision to follow in this case.

The Court would further recommend that the District Court orders that, upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* If ordered deported, the Defendant should be ordered to remain outside the United States.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his

right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of April, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE